P KIRBY, Judge.
The State of Louisiana, through the Department of Social Services, Office of Family Support, appeals the trial court judgment dated April 29, 1998, in which the trial judge denied the State’s motion for new trial on the rule to make past due child support executory. The State filed this action in the interest of Brandon Scott, minor child of Shanell Scott.
On January 15, 1992, the State filed a petition to establish paternity and support obligations against defendant, Burnis McGee, Jr. This petition alleged that McGee is the father of Brandon Scott, born to Shanell Scott on October 9, 1990. The petition further alleged that McGee has neglected to support his minor child and that the child’s mother is receiving benefits through the State’s Aid to Families with Dependent Children Program. The State requested that McGee be ordered to pay child support and maintain medical insurance on behalf of the minor child.
On May 18, 1993, the State filed a motion for default, alleging that McGee was personally served with the State’s petition on March 17, 1993 and did not file any responsive pleadings. On May 19, 1993, a preliminary default was entered against McGee. In a judgment signed on August 23, 1996, the default was confirmed and McGee was declared to be the biological father of Brandon Scott | ?and was ordered to pay child support in the amount of $300.00 per month, beginning on October 1, 1996 and retroactive to January 15, 1992.
On June 27, 1997, the State filed a rule for contempt and to make past due child support executory. The rule for contempt was filed due to McGee’s failure to pay the court-ordered child support payments. The rule was set for hearing on July 25, 1997. On August 11, 1997, the State filed a motion to reset the hearing due to the absence of McGee at the July 25, 1997 hearing. On August 12, 1997, the trial judge reset the matter for trial on September 12,1997.
On September 11, 1997, McGee filed a rule to show cause why a reduction in child support should not be granted. In that rule, McGee stated that his circumstances had changed and he was no longer able to provide ongoing support at the present amount.
A hearing on both rules was held on September 12,1997. At that hearing, Sha-nell Scott testified that she had received sporadic monthly child support payments of $300.00 from McGee. She claimed that McGee was approximately $16,000.00 in arrears at the time of the hearing. In McGee’s testimony, he admitted that he is the biological father of Brandon Scott. He stated that he sent support payments when he was employed and tried to do what he could when he was unemployed. At the time of the hearing, McGee was unemployed and collecting unemployment compensation.
The trial judge rendered judgment decreasing McGee’s child support payment to $200.00 per month, effective September 12, 1997. The judge denied the State’s rule for contempt and its request to make the past due child support executory.
lüOn September 23, 1997, the State filed a motion for new trial on the issue of the past due child support, based on the judgment signed on August 23, 1996. The State contested the trial judge’s refusal to make the arrearage owed by McGee exec-utory and noted that the arrearage owed at the time of the September 12, 1997 ruling was $16,515.31. The case was set for hearing on January 30, 1998. On that date, the case was reset for March 13,1998 so that McGee could return with pertinent military documents.
A hearing was held on March 13, 1988. McGee produced forms showing that he *191 entered military service on April 14, 1993 and separated from the service on August 18, 1995. McGee confirmed those dates in his testimony at the hearing. McGee was personally served with the original petition on March 17, 1993 but the preliminary default was entered in May of 1993, after he entered the service. However, the default was not confirmed until August 23, 1996, over one year after McGee left active military duty.
On April 29, 1998, the trial judge rendered judgment denying the State’s motion for new trial. His stated that his reason for the denial was that the original child support judgment was heard and signed while McGee was in the Armed Services and unable to be present in open court. The State now appeals that ruling.
On appeal, the State contends that the trial judge erred in refusing to make the past due child support executory. The State argues that the trial court’s statement in his reasons that the original child support judgment was rendered while McGee was in the military and unable to be present in court is incorrect. We agree.
The original child support judgment was rendered against McGee on August 23, 1996, more than one year after he had been separated from active military 14service. It is undisputed that McGee was served with the original petition to establish paternity and support obligations before he entered the service and that he failed to respond to that petition.
The preliminary default taken against McGee while he was on active duty in the military did not prejudice him. McGee could have filed his answer to the petition at any time prior to the confirmation of the default judgment against him. See LSA-C.C.P. art. 1002. He did not do so, even though more than one year elapsed between the time of his separation from service and the confirmation of the default judgment.
During the hearing on the motion for new trial, the Soldiers’ and Sailors’ Civil Relief Act was discussed. 50 U.S.C.A.App. 520(4) states as follows:
If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears. that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act shall not impair any right or title acquired by any bona fide purchaser for value under such judgment.
As stated above, the original child support judgment against McGee was rendered over one year after his discharge from active military service. Furthermore, McGee has not at any time applied for relief under the Soldiers’ and Sailors’ Civil Relief Act, as is required, nor does it appear that he has a meritorious defense to | sthis paternity and child support action. Therefore, the Soldiers’ and Sailors’ Civil Relief Act is inapplicable in this case.
Because the trial court judgment of April 29, 1998 was based on an incorrect factual finding, we reverse that judgment and remand this case to the district court for further proceedings.
REVERSED AND REMANDED.